(94 Misc. Rep. 287)

JUVELIER et al. v. JAMAICA PARK SOUTH REALTY CORP.

(Supreme Court, Appellate Term, First Department.   March 30, 1916.)

1. VENDOR AND PURCHASER ⊜⟿75—DEED—DELIVERY.

Where a contract for the sale of land on installments did not fix any time for delivery of the deed, the payment of the last installment and delivery of the deed were concurrent conditions, but the vendor could not be put in default by a tender of the last installment, followed by a refusal to accept the tender and deliver the deed immediately, but is entitled to a reasonable opportunity to perform, and in event of failure to perform after a reasonable opportunity the vendor is in default.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 113–118, 126; Dec. Dig. ⊜⟿75.]

2. VENDOR AND PURCHASER ⊜⟿170—TENDER IN SPECIE—NECESSITY.

Where a vendor of land refused to deliver deed on tender of the last installment, although given a reasonable opportunity to prepare the deed, the fact that the tender was not made in actual currency will not preclude the purchaser from recovering, for such tender would have been unavailing where the form was not objected to.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 344–348; Dec. Dig. ⊜⟿170.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Kalman Juvelier and Israel Teitelbaum against the Jamaica Park South Realty Corporation.   From a judgment dismissing the complaint, plaintiffs appeal.   Reversed and remanded.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Abraham H. Sarasohn, of New York City, for appellants.

George F. Alexander, of Brooklyn, for respondent.

LEHMAN, J.   The defendant entered into a contract in writing with the plaintiffs' assignor to sell to him a certain lot of land for the sum of $780, payable in monthly installments of $15 each, and agreed to execute and deliver to the purchaser a deed for the premises upon the receipt of the full price of $780, with 5 per cent. interest on unpaid balances.   The complaint herein alleges the full payment of the purchase price with the exception of the sum of $34.60, the tender of this sum, and a demand for and refusal of the deed.   At the trial the plaintiff showed that the sum of $780 had been paid, together with certain additional sums for taxes and interest.   On September 8, 1915, he received a statement of the further sums due for taxes and interest, amounting to the sum of $34.60.   He testifies that on receipt of this statement he went to the office of the defendant at Jamaica, and spoke to a man apparently in charge of the office, and told him he had come to pay the amount demanded in the statement, and offered him the money and asked for the deed.   This man told him he would let him know.   Thereafter he again went to this office, and was told that the office of the president was at 292 Broadway, Brooklyn.   He there saw the president, and told him he wanted to pay up and get his deed.   The

president told him: "That does not concern our office; you must pay the money in Jamaica." Plaintiff then went over to Jamaica and demanded his deed, but was told that the president was not there. Thereafter on October 21st, he sent a letter to the Jamaica office, and informed them in writing that he wished the matter settled and notified the company that:

"Tuesday, October 26th, I will be at your office at Jamaica between 1 and 2 p. m., and I therefore demand of you to have my deed ready for me."

This letter was excluded as a self-serving declaration. He went to the office at Jamaica at the time stated in the letter, and was informed that the president was in Pittsburgh, and that they would reply to his letter or demand in a day or two. He never got a reply. On cross-examination the plaintiff testified that he never actually offered to give the defendant specie, but he had a check book with him, was ready to write out a check, and said: "I have the check; give me the deed." At the close of the plaintiff's case the learned trial justice dismissed the complaint, on the ground that the defendant was not in default until the plaintiff had actually paid over the money and given the defendant a fair opportunity after such payment to prepare a deed, and on the ground that it affirmatively appeared that the plaintiff had neither actually given a check or tendered the cash. .

[1] It seems to me that this ruling of the trial justice was erroneous. Undoubtedly the defendant could not be put in default until the plaintiff had tendered performance on his part and given the defendant opportunity to perform on its part. He was not, however, obliged to pay over the last installment under the contract before he received the deed. The payment of the last installment and the delivery of the deed were concurrent conditions under the contract. The defendant would be put in default by a tender of the last installment followed by a refusal on its part to accept the tender and deliver the deed after due opportunity to prepare it. It is not claimed in the complaint that the defendant was in default by failure to deliver the deed immediately upon the tender of the check in September. The contract contains no definite time for the delivery of the deed, and the defendant could not be put in default until it had a reasonable opportunity to perform. The complaint claims that the tender, demand, and refusal were made on or about October 26th. At that time the plaintiff had already twice offered to perform, and then given notice in writing that he would appear, ready to perform, on October 26th. He appeared at the defendant's office at the time set, and the defendant was again not ready to deliver the deed, but promised to inform plaintiff when it would deliver the deed. Inasmuch as he was informed at that time that the president was not present and could not deliver the deed, it would have been purely an empty formality for him to offer his money, provided the deed would be delivered.

[2] The defendant, however, claims that a tender of performance of an agreement to pay money can be made only by an actual physical tender of the money. Strictly speaking, this statement of the law is probably correct; but it is also true that a party may not only waive

a tender, but he may undoubtedly also waive any formalities or strict requirements of a tender. Whether the formalities of a strict tender have been waived in any case depends upon the intention of the party as evidenced by its acts. Where one party seeks unconscionably to put another party into a technical default, it is a fair inference of fact that the second party does not intend to waive any technical rights which he may have, and which will prevent his being placed in default, and the courts in such cases will ordinarily require as evidence of waiver an act or declaration of a very positive character. In this case, however, the evidence produced by the plaintiff, if true, would show an honest attempt to obtain the deed, to which he was undoubtedly entitled upon payment of the last installment. It would show three offers to perform, coupled with ability to perform, provided the defendant would do its part. It would further show that the defendant received due notice in writing of the plaintiff's intention to demand performance on October 26th, though this notice was erroneously excluded. It would further show that at this time, as well as previously and thereafter, the defendant made no effort to perform and showed that it would not then perform on grounds other than the ground that the plaintiff had not performed on its part. These acts are, I think, sufficient to show an intent not to demand, a formality with which the plaintiff could easily have complied, and which, in any case, would have remained an empty formality.

Judgment should therefore be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.